[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the office of consumer counsel of the state. It appeals a decision of the defendant department of public utility control concerning a power outage at the Millstone 2 Nuclear Generating Facility, which is owned by the defendant The Connecticut Light and Power Company and its affiliates (collectively referred to herein as the company). The plaintiff's appeal is authorized by General Statutes §§ 16-2a and 4-183.
At the hearing on this appeal, the parties waived their rights to present oral argument. Accordingly, this decision is based on the allegations of the complaint, the parties' briefs, and the record of the administrative proceedings.
Among the issues raised by the plaintiff as the bases of its appeal is whether the department correctly denied the plaintiff's motion to compel discovery of certain documents in the possession of the defendant company. These are the documents specified in the plaintiff's Interrogatories Nos. 22 and 23. The defendant company asserted that the documents are privileged, and the department agreed. This issue is dispositive of the appeal.
The court has had previous occasion to consider the identical issue. In particular, In Office of ConsumerCounsel v. Department of Public Utility Control, Superior Court, judicial district of Hartford/New Britain, Docket No. CV 93 052 80 93 (Nov. 21, 1994, 13 Conn. L. Rptr. No. 2, 48 Jan. 9, 1995), (OCC v. DPUC I), this court held CT Page 1977 that there is no privilege protecting a utility company's internally produced, self-critical documents from discovery by the office of consumer counsel in a proceeding before the department of public utility control. Accordingly, the court sustained the plaintiff's appeal in that case and remanded the case to the department with an order to grant the plaintiff's motion to compel discovery, subject to certain conditions.
After reviewing the file and record in this case and considering the parties arguments as set forth in their briefs, the court concludes that its decision in OCC v.DPUC (I), supra, controls the disposition of this case.
For the reasons set forth in OCC v. DPUC I, supra, the plaintiff's appeal in this case is sustained. In accordance with General Statutes § 4-183(k), the case is remanded to the department for further proceedings. The department is ordered to reopen the hearing and grant the plaintiff's motion to compel discovery of the documents specified in its Interrogatories 22 and 23. The department may impose the condition that the plaintiff maintain the confidentiality of the documents unless and until the department admits them as evidence in the record. The plaintiff shall have the right to offer the documents or other evidence or testimony related to them as additional evidence for the record, and if the department admits such evidence, the company shall have the right to offer additional evidence in rebuttal. The department shall render a new decision, which may affirm, modify or reverse its original decision. Such new decision shall be a final decision within the meaning of § 4-183.
This is a final judgment within the meaning of § 4-184.
MALONEY, J. CT Page 1978